IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SOUTHERN MARSH COLLECTION, LLC
   Plaintiff

v.                                              Civil Action No. 7:17-CV-157

SOUTHERN FOWLER COMPANY, LLC, ET AL
   Defendant.

### DEFENDANTS' ANSWER, DEFENSES, RESPONSIVE PLEADINGS, AND COUNTERCLAIMS

COME NOW, the Defendants, SOUTHERN FOWLER COMPANY, LLC (hereinafter "Southern Fowler"), and JOSEPH HEWETT (hereinafter "Hewett"), (hereinafter "Defendants") in the above-styled matter, by and through counsel, and files this their verified answer, defenses, responsive pleadings, and counterclaims in response to Plaintiff SOUTHERN MARSH COLLECTION, LLC's (hereinafter "Plaintiff" or "Southern Marsh") Complaint for Damages and Injunction (hereinafter "Complaint"), and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendants have not been properly joined in this action, nor are the Defendants subject to the Jurisdiction of the Courts of Louisiana.

### THIRD DEFENSE

The Defendants allege that because much of the Plaintiff's Complaint is couched in conclusory terms, answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### FOURTH DEFENSE

Plaintiff's Complaint based upon Louisiana law should be dismissed because there is no actual or justiciable controversy.

### FIFTH DEFENSE

Plaintiffs' claims against the Defendants fail because Plaintiff has unclean hands and is not entitled to any relief.

### SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief because Plaintiff fails to present any evidence that any action of the Defendants has injured or damaged Plaintiff, instead Plaintiff presents only speculation and conclusions in its complaint.

### SEVENTH DEFENSE

Plaintiff is not entitled to declaratory relief because Plaintiff fails to present any evidence that any action of the Defendants will injure or damage Plaintiff, other than mere speculation.

## EIGHTH DEFENSE

The Defendants respond to the specifically numbered paragraphs of Plaintiff's Complaint as follows.

1.

Paragraph 1 of the Plaintiff's complaint is admitted.

2.

Paragraph 2 of the Plaintiff's complaint is denied other than that there is a Southern Fowler Company, LLC and there is an individual named Joseph Hewett.

3.

Paragraph 3 of the Plaintiff's complaint is denied.

4.

Paragraph 4 of the Plaintiff's complaint is denied.

5.

Although much of Paragraph 5 contains matters of opinion, without adopting those opinions, Paragraph 5 of the Plaintiff's complaint is admitted.

6.

Paragraph 6 of the Plaintiff's complaint is admitted as to the name and time the company was formed.

7.

The Defendants are without information to admit or deny the allegations of Paragraph 7 of the Plaintiff's complaint.

8.

The Defendant is without sufficient knowledge or belief to admit or deny paragraph 8 of the Plaintiff's complaint other than to admit that the Plaintiff uses a type of duck for its logo that is unlike that of the Southern Fowler and therefore all other allegations of Paragraph stand denied.

9.

The Defendants deny Paragraph 9 of the Plaintiff's complaint. Southern Fowler's logo and apparel design were substantially different from the Plaintiff's until the Plaintiff recently began to infringe upon Southern Fowler's trademark designs by producing hunting and hunting related scenes on its clothing.

10.

Other than the use of the word Southern, which is a common named used by hundreds, if not thousands of companies, the words' Marsh and Fowler are not similar or confusing. Accordingly, Paragraph 10 of the Plaintiff's complaint is denied.

11.

The Defendants deny the conclusory allegations of Paragraph 11 of the Plaintiff's complaint.

12.

The Defendants deny the conclusory allegations of Paragraph 12 of the Plaintiff's complaint.

13.

The Defendants deny the conclusory allegations of Paragraph 13 of the Plaintiff's complaint.

14.

The Defendants deny the conclusory allegations of Paragraph 14 of the Plaintiff's complaint.

15.

The Defendants deny the allegations of Paragraph 15 of the Plaintiff's complaint.

16.

The Defendants deny the allegations of Paragraph 16 of the Plaintiff's complaint.

17.

The Defendants deny the allegations of paragraph 17 of the Plaintiff's complaint.

18.

Southern Marsh's attempt to use the Courts to prevent fair interstate competition must be denied.

19.

The Defendants deny the allegations of Paragraph 19 of the Plaintiff's complaint.

20.

There is no paragraph numbered 20 in the Plaintiff's complaint mailed to the Defendants.

21.

There is no paragraph numbered 21 in the Plaintiff's complaint mailed to the Defendants.

22.

The Defendants deny the conclusory statements contained in paragraph 22 of the Plaintiff's complaint and deny that the Plaintiff is entitled to any damage award from Defendants.

23.

The Defendants deny the conclusory statements contained in paragraph 23 of the Plaintiff's complaint and deny that the Plaintiff is entitled to any damage award from Defendants.

24.

The Defendants deny the allegations of paragraph 24 and legal conclusions of Paragraph 24 of the Plaintiff's complaint.

25.

The Defendants deny that Plaintiff is entitled to damages of any amount from the Defendants.

### NINTH DEFENSE

Any allegations contained in Plaintiff's Complaint heretofore not answered are hereby denied.

### COUNTERCLAIMS AGAINST PLAINTIFF

1.

The allegations of the Answer as previously set forth, including affirmative defenses, are incorporated herein the same as part of this Counterclaim.

2.

Plaintiff is subject to the jurisdiction of this Court in this Counterclaim by virtue of having sufficient contact and nexus to the State of Georgia. The Plaintiff has multiple retail stores to which it sells substantial goods within the State of Georgia and the territory encompassed by this Court's district.

### Violation of Defendant's Federal Common Law Trademark

3.

The Defendant Southern Fowler's design is a unique work of art which uses the silhouette of a gadwall duck. Defendant Southern Fowler's target market, from its inception,

is waterfowl hunters, while the Plaintiff's stated market is generically referred to as "Southern Style" on its website.

4.

Defendant Southern Fowler has shipped goods to individual purchasers via its website and the United Postal Service to the following twenty-three (23) states of the United States: Alabama, Arkansas, Colorado, Delaware, Georgia, Florida, Illinois, Indiana, Louisiana, Maine, Massachusetts, Mississippi, Missouri, Montana, New York, North Carolina, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia and Wisconsin.

5.

Defendant Southern Fowler's target market is waterfowl hunters and their families and in this regard, Southern Fowler's apparel is adorned with duck hunting scenes, duck hunting paraphernalia and duck hunting dogs.

6.

Plaintiff's stated market is generically referred to as "Southern Style" on its website and only shows hunting scenes in what is described on the Plaintiff's website on 8/31/2017 as "new arrivals". Until recently and not until after the Defendant began marketing its apparel, the Plaintiff marketed no apparel using duck hunting scenes.

7.

Plaintiff's website on 8/31/2017 has begun marketing as "new arrivals", the Plaintiff began to market apparel with scenes that depict duck hunting scenes.

8.

Upon information and belief, Southern Marsh knowingly and purposefully began marketing and offering for sale items marked as new arrivals which are substantially similar to those sold by Southern Fowler in violation of Southern Fowler's federal common law trade mark rights.

<u>Violation of Georgia Fair Business Practice Act</u>

9.

Defendants reincorporate, and reallege, by reference the allegations and affirmative defenses of their Answer and all allegations set forth in paragraphs 1 through 8 of their Counterclaim as if fully set forth verbatim herein.

10.

Plaintiff has knowingly acted in violation Georgia Fair Business Practice Act (O.C.G.A. Sections 10-1-390 et seq.), specifically O.C.G.A. Section 10-1-393(a), (b)(1)(b)(1)-(3) by offering goods that are deceptively similar to those of the Southern Fowler.

11.

Specifically, Plaintiff's use of designs, imagery and concepts of waterfowl hunting are substantially similar to that of Southern Fowler and is intended to cause confusion in the marketplace, or deceive consumers as to the source or affiliation of Plaintiff's product.

12.

Upon information and belief, Plaintiff's use of designs and imagery substantially similar to that of Southern Fowler has caused confusion in the marketplace and will cause Southern Fowler to suffer actual damages by reason of decreased sales and customer dissatisfaction.

<u>Use of Frivolous Action to Interfere with Southern Fowler's Business</u>

13.

Defendants reincorporate and reallege by reference the allegations and affirmative defenses of their Answer and all allegations set forth in paragraphs 1 through 12 their Counterclaim as if fully set forth verbatim herein.

14.

The Plaintiff knowing that it was about to enter into the sales of apparel substantially and confusingly similar to Southern Fowler brought its action in Louisiana State Courts knowing that cost of defense of the frivolous action in an out of state Court would drain Southern Fowler's financial resources so as to create an unfair and tortuous advantage for the Plaintiff's encroachment into Southern Fowler's market with its confusingly similar merchandise.

15.

Plaintiff's actions are and have been committed recklessly and with intent to harm Southern Fowler.

16.

Plaintiff's actions are outrageous and extreme.

<u>Defendants are Entitled to Attorney's Fees Under O.C.G.A. § 13-6-11</u>

17.

Defendants reincorporate and reallege by reference the allegations and affirmative defenses of their Answer and all allegations set forth in paragraphs 1 through 16 of their Counterclaim as if fully set forth verbatim herein.

18.

Plaintiff's actions have been and are in bad faith.

19.

Plaintiff's has been stubbornly litigious.

20.

Plaintiff has caused Defendants unnecessary trouble and expense.

21.

Defendants are entitled to recover for Plaintiff's wrongful actions under O.C.G.A. § 13-6-11.

<u>Defendants are Entitled to Attorney's Fees Under This Court's Equitable Powers</u>

22.

Defendants reincorporate and reallege by reference the allegations and affirmative defenses of their Answer and all allegations set forth in paragraphs 1 through 21 of their Counterclaim as if fully set forth verbatim herein.

23.

The Plaintiff brought this action in bad faith in the Courts of Louisiana in the hopes of obtaining a favorable verdict in an unfair trial before its local courts.

24.

The Plaintiff brought this action in bad faith knowing that there is no confusion between the trademarks, but instead in an attempt to eliminate competition by way of bankrupting the Defendants for the purpose of launching its new line of apparel that will be using artwork that is similar and confusing to Southern Fowler's artwork.

WHEREAS, the Defendants having fully answered, respectfully pray that this Court grant the following:

1) That the Plaintiff's complaint be dismissed and all costs be cast upon the Plaintiff;

2) That the Court deny Plaintiff's request for equitable relief and enter a judgment in favor of Defendants;

3) That the Plaintiff's requested relief be denied;

4) That the Plaintiff be found liable for the damages, both actual and special, that

arose from the Plaintiff's filing of this frivolous action with the intent to impede lawful interstate commerce by Southern Fowler;

5) That the Court award reasonable attorneys' fees to Defendants pursuant to the provisions of O.C.G.A. § 13-6-11;

6) That the Court award reasonable attorney's fees to the Defendants for Plaintiff's bad faith actions in filing this action and attempting to put Southern Fowler out of business so that it may launch its own apparel line that is similar and confusing to Southern Fowler's;

7) That Defendants have such other and further relief as this Court deems to be appropriate and equitable; and

8) That Defendants have a trial by jury and notice is hereby given to all parties that Defendants demand a trial by jury on all issues so determinable.

Respectfully submitted on this 15th day of September, 2017.

L. Andrew Smith
L. Andrew Smith, P.C.
Attorney for Defendants
Georgia Bar No.: 661339
106 E. Force St.
Valdosta, GA 31601
Telephone 229-247-1387
Facsimile 229-247-6725
Email: lasmith2@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SOUTHERN MARSH COLLECTION, LLC
    Plaintiff

v.                                            Civil Action No. 7:17-cv-157

SOUTHERN FOWLER COMPANY, LLC, ET AL
    Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day delivered a copy of the foregoing Defendants' Answer, Defenses, Responsive Pleadings and Counterclaims upon the Plaintiff by email and mailing a copy thereof to his attorney of record, under sufficient postage to assure prompt delivery and addressed as follows:

Henry D.H. Olinde, Jr.
Olinde & Mercer
8562 Jefferson Hwy, Ste. B
Baton Rouge, Louisiana 70809

This 15th day of September, 2017.

L. Andrew Smith
L. Andrew Smith, P.C.
Georgia Bar No.: 661339
106 E. Force St.
Valdosta, GA 31601
Telephone 229-247-1387
Facsimile 229-247-6725