# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SOUTHERN MARSH COLLECTION, LLC, <br>     Plaintiff, <br><br> v. <br><br> SOUTHERN FOWLER COMPANY, LLC, and JOSEPH HEWETT, <br><br>     Defendants. | Civil Action No. 7:17-CV-157 (HL) |

## ORDER

This case is before the Court on Plaintiff's Motion to Remand. (Doc. 8). Following oral arguments on February 1, 2018, the Court remanded the case to the state court in Louisiana. This order memorializes the Court's oral ruling.

### I. BACKGROUND

Plaintiff initially filed this action against Defendants in the Eighteenth Judicial District Court in the Parrish of Iberville, Louisiana on August 17, 2017. Plaintiff's complaint includes allegations of unfair trade practices under Louisiana state law and seeks both monetary and injunctive relief. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on September 13, 2017, and asserted that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. (Doc. 3).

Plaintiff filed a motion to remand the case to state court on October 12, 2017, contending Defendants' Notice of Removal is procedurally defective as the District Court for the Middle District of Louisiana is the only court Defendants could have removed the action to. (Doc. 8).

I.     **DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The "place" is "the site of the state court in which the action is pending at the time the notice of removal is filed." Cogdell v. Wyeth, 366 F.3d 1245, 1248 n.7 (11th Cir. 2004).

Defendants removed this case on the basis of federal question jurisdiction. Mainly, Defendants argue that there "is a substantial federal question regarding the jurisdiction of the Louisiana State Court over these Defendants and that only this Court is a suitable forum for deciding these issues." (Doc. 12, p. 9). Defendants maintain that the Plaintiff's suit filed in state court in Louisiana is a violation of due process rights because there is an insufficient nexus between the Defendants' conduct and the state court in Louisiana.

However, Eleventh Circuit precedent plainly states that "§ 1441(a) establishes federal venue in the district where the state action was pending, and it

is immaterial that venue was improper under state law when the action was originally filed." Hollis v. Florida State University, 259 F.3d 1295, 1300 (11th Cir. 2001). At the time Defendants filed their notice of removal, this case was pending in state court in Louisiana. Thus, the only court Defendants could have properly removed the action to is the United States District Court for the Middle District of Louisiana—the federal district court within the district and division embracing the Louisiana State Court where the action originated. As Defendants' have improperly removed the case to this Court, Plaintiff's motion to remand must be granted.

### III.   ATTORNEY FEES

Plaintiff seeks an award of attorney fees under 28 U.S.C. § 1447(c). (Doc. 8-1, pp. 17-18). Whether to award attorney fees in remand motions is a discretionary matter. Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998). Although Defendants' removal is improper, the Court has determined that Defendant's attempt at removal was not "so lacking as to justify… an award." Sapp v. AT&T Corp., 215 F. Supp. 2d 1273, 1279 (M.D. Ala. 2002). Plaintiff's motion for attorney fees accordingly is denied.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 8) is granted.

**SO ORDERED**, this 8th day of February, 2018.

*s/ Hugh Lawson*
ehm             **HUGH LAWSON, SENIOR JUDGE**